

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/31/2012

| | | |
|---|---|---|
| IN RE: | § | Case No. 12-34938 |
| PAMELA B. GLAUDE, | § | Chapter 13 |
| Debtor(s). | § | Judge Isgur |

## MEMORANDUM OPINION

Pamela B. Glaude's objection to Inverness Forest Residents' Civic Club's ("Inverness") Claim (ECF No. 42), is granted. The Court holds that Inverness's claim for attorney's fees and late fees is subordinate to any purchase money or mortgage liens on the property and will be treated as an unsecured claim.

### Jurisdiction

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Pursuant to 28 U.S.C. § 157(a), this proceeding has been referred to the Bankruptcy Court by General Order 2012-6.

### Background

Ms. Glaude filed her chapter 13 petition on July 2, 2012. (ECF No. 42 at 1). She is the owner of real property, her homestead, located at 22011 Kenchester Drive, Houston, Texas 77073 ("the Property"). (ECF No. 39 at 1). Americas Servicing holds a purchase money mortgage on the Property in the amount of $138,466.00. (ECF No. 14 at 13). The current value of Ms. Glaude's interest in the property is $123,736.00. (ECF No. 14 at 3). A vendor's lien on the Property was created in favor of Inverness under its Restrictive Covenants and Amendment to Restrictive Covenants ("Restrictive Covenants"). (ECF No. 39 at 1). The Restrictive Covenants provide that each residential building or plot is subject to an annual maintenance charge and a security assessment ("the Assessments"). (ECF No. 39-2 at 7) The Restrictive

Covenants provide in paragraph twenty-one that Assessments not paid when due shall bear a nine percent interest rate from the due date until payment is received. (ECF No. 39-2 at 7). Paragraph twenty-two provides the total fund accumulated from this charge shall provide for, among other things, payments of legal and all other expenses incurred in connection with the collection, enforcement and administration of the "Maintenance Fund" and enforcement of all restrictive covenants for the subdivision... (ECF No. 39-2 at 7-8). A vendor's lien is retained in each deed to secure payment of the Assessments. (ECF No. 39-2 at 7). The parties have stipulated that the vendor's lien under the Restrictive Covenants for the Assessments is superior to any purchase money or mortgage liens on the Property. (ECF No. 42 at 1). The dispute is over the treatment of the attorney's fess and concerns the central question of whether Inverness's lien also covers attorney's fees and interest. Inverness asserts that its vendor lien has priority over all other liens and secures the Assessments, attorney's fees and interest requiring that the full amount be treated as a secured claim. Ms. Glaude argues that the attorney's fees and late fees should be characterized as an unsecured claim because the lien relates only to the actual Assessments. (ECF No. 42 at 1).

## Analysis

Under Texas law, restrictive covenants are subject to the same rules of construction and interpretation as contracts. *Sloan v. Owners Association of Westfield, Inc*., 67 S.W.3d 401, 404 (Tex. App.—San Antonio 2005). When construing a restrictive covenant, the language used by the parties will be given its plain grammatical, ordinary and commonly-accepted meaning, unless doing so will defeat the parties' intent as evidenced by other provisions of the covenant. *Travis Heights Improvement Ass'n v. Small*, 662 S.W.2d 406, 409 (Tex. App—Austin 1983). Such covenants should be enforced as written, and not enlarged by construction. *Id*. Restrictive

clauses must be construed strictly; and if the terms of the restrictions are ambiguous, or there is substantial doubt as to the meaning of such terms, the ambiguity and doubt must be resolved in favor of the free use of the land. *Id*.

The plain language of the Restrictive Covenants does not support a finding that Inverness's vendor's lien covers attorney's fees and interest. The language in the Restrictive Covenants provides that, "to secure the payment of the annual maintenance charge and security assessment, a vendor's lien shall be retained in each deed…" (ECF No. 39-2 at 7). This language can be contrasted with the Declaration of Protective Covenants at issue in *Sloan*, which provided that, "the aforesaid lien shall secure payment of the maintenance charge and all past-due interest which may accrue thereon, together with all reasonable expenses, costs, and attorney's fees which may be incurred in connection with the collection thereof. 167 S.W.3d at 403. Although there is no magic language required, the intent of the covenant in *Sloan* is unambiguous. The Restrictive Covenants in the instant case do not mention that the attorney's fees and interest are secured by a lien.

Inverness, relying on *Brooks v. Northglen Ass'n,* argues that the Restrictive Covenants do not need specific language creating a lien because Ms. Glaude was put on notice of the attorney's fees and interest charges. *See* 141 S.W.3d 158, 170-171 (Tex. 2004). The Court does not find the *Brooks* holding persuasive in this instance as the question of notice of the charges is distinct from the question of creation of a lien. Although Ms. Glaude was surely put on notice that she would be charged interest and that Assessments could be used to pay attorneys fees, this does not mean that a lien would attach to these fees. A plain reading of the Restrictive Covenants does not contemplate a lien for the interest charges and attorney's fees. These fees will be treated as an unsecured claim.

**Conclusion**

The Court will enter an order consistent with this memorandum opinion.

SIGNED **October 31, 2012.**

                                            Marvin Isgur
                             UNITED STATES BANKRUPTCY JUDGE